# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA EPLEY,

        Appellant,

      v.

INTER-AMERICAN FOUNDATION,

        Agency.

DOCKET NUMBER
DC-0432-15-0032-B-1

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debra D'Agostino</u>, Esquire, Washington, D.C., for the appellant.

<u>Andrew David Linenberg</u> and <u>Ravi Kambhampaty</u>, Washington, D.C., for
    the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant held the Program Administrator position at the Inter-American Foundation (Foundation).  *Epley v. Inter-American Foundation*, MSPB Docket No. DC-0432-15-0032-I-1, Initial Appeal File (IAF), Tab 11 at 23.  The Foundation proposed her removal for unacceptable performance.  *Id*. at 5-13.  After the appellant responded, the Foundation issued its decision, removing her from service, effective September 9, 2014.  *Id*. at 14-23.

¶3        The appellant filed a Board appeal challenging her removal.  IAF, Tab 1.  The administrative judge dismissed the appeal for lack of jurisdiction based on the Foundation's status as a Government corporation, excluded from chapter 43 of title 5.  IAF, Tab 17, Initial Decision.  On review, the Board reversed and remanded.  *Epley v. Inter-American Foundation*, 122 M.S.P.R. 572 (2015).  The Board found that while the Foundation is excluded from chapter 43 coverage, the Board had jurisdiction over the appellant's removal under chapter 75.  *Id*., ¶ 5-14.

¶4        On remand, the administrative judge developed the record and held the requested hearing before sustaining the appellant's removal.  *Epley v. Inter-American Foundation*, MSPB Docket No. DC-0432-15-0032-B-1, Remand File (RF), Tab 36, Remand Initial Decision (RID).  She found that the Foundation met its burden of proving the charge, nexus, and reasonableness of the penalty.

RID at 6-37. The administrative judge further found that the appellant failed to prove her affirmative defenses of harmful procedural error; discrimination on the bases of gender and national origin; reprisal for equal employment opportunity activities; and reprisal for testifying on behalf a coworker in a Board appeal, an activity protected by 5 U.S.C. § 2302(b)(9)(B). RID at 37-48.

¶5 The appellant has filed a petition for review. *Epley v. Inter-American Foundation*, MSPB Docket No. DC-0432-15-0032-B-1, Remand Petition for Review (RPFR) File, Tab 3. The Foundation has filed a response and the appellant has replied. RPFR File, Tabs 9-10.

The administrative judge properly sustained the charge of unacceptable performance.

¶6 In or around February 2014, the Foundation completed the appellant's performance appraisal for fiscal year 2013, finding that her performance was unacceptable in three of four critical elements. RF, Tab 30 at 14-28. As a result, the Foundation placed the appellant on a 90-day performance improvement plan (PIP). *Id*. at 52-58.

¶7 After the appellant's PIP ended, the Foundation proposed her removal for unacceptable performance. *Id*. at 4-12. The proposal provided a lengthy narrative concerning the appellant's unacceptable performance in two critical elements and each of their subparts.[2] *Id*. at 5-11. The first was (1) Grant Administration, with subparts of (a) Quality Control of Grant Documents, and (b) Grant Database Management. *Id*. at 5-7. The second critical element was (2) Budget and Financial Management, with subparts of (a) Budget Preparation, (b) De-obligations, and (c) Liaison with the Bureau of Public Debt (BPD) Regarding Contract Management. *Id*. at 7-10. For each subpart, the Foundation's

---

[2] The proposal to remove the appellant did not rely on the third critical element for which she previously was rated unacceptable—Program Office Management and Support to the Vice President for Programs. RF, Tab 30 at 24-26.

narrative generally follows a similar pattern of alleging that the appellant's performance was unacceptable, she was given an opportunity to improve during the PIP, and her performance remained unacceptable. *Id*. at 5-10. The deciding official sustained the appellant's removal for the same reasons. RF, Tab 19 at 39-47.

¶8      The appellant argues that the administrative judge erred by applying a chapter 43, instead of a chapter 75, framework to the charge of unacceptable performance. RPFR File, Tab 3 at 20-21. Contrary to her contention, however, the administrative judge properly analyzed the agency's removal action under chapter 75. RID at 6. Further, the only limit on an agency's use of chapter 75 for performance-based actions is a prohibition on its use to circumvent chapter 43 by charging that the appellant should have performed better than required under the standards communicated to her in accordance with chapter 43 requirements. *Moore v. Department of the Army*, 59 M.S.P.R. 261, 265 (1993). The appellant does not claim that the agency charged her with failing to perform better than was required under her performance standards. Nor do we see a basis on which to conclude the agency held the appellant to a higher standard. RF, Tab 19 at 15-27, 50-58, 73-76. Rather, as discussed below, the appellant disputes whether the agency proved the specific facts alleged in the proposed removal. RPFR File, Tab 3 at 20-23.

¶9      The appellant contends that the administrative judge erroneously focused on her performance as compared to the PIP, rather than her performance as compared to the allegations described in the proposal notice. RPFR File, Tab 3 at 20-23. By way of example, the appellant refers to subpart (1)(a), Quality Control of Grant Documents. *Id*. at 21. She notes that the PIP required that she review all funding actions and ensure an error rate of 5% or less. *Id*.; RF, Tab 30 at 54. She further notes that her proposed removal alleged that 11 of 21 funding actions she reviewed during the PIP "contained material errors serious enough to require returning the packages to the Program Office for correction." RPFR File, Tab 3

at 21; RF, Tab 30 at 6.  According to the appellant, only 3 of the 21 funding actions were actually returned, so the Foundation failed to prove the allegation contained in her proposed removal, even if the Foundation showed that she failed to meet the 5% error rate contained in the PIP.  RPFR File, Tab 3 at 21.  We are not persuaded.

¶10     A specific standard of performance need not be established and identified in advance for the appellant in a performance-based action brought under chapter 75.  *Shorey v. Department of the Army*, 77 M.S.P.R. 239, 244 (1998).  Rather, when an agency takes such an action under that chapter, it merely must prove that its measuring the appellant's performance was both accurate and reasonable and that the appellant's performance was deficient.  *See Lovshin v. Department of the Navy*, 767 F.2d 826, 844 (Fed. Cir. 1985) (finding that an agency proved the appellant's performance was deficient); *Shorey*, 77 M.S.P.R. at 244 (discussing the agency's burden to prove the accuracy and reasonableness of its performance measurement).  An agency is required to prove only the essence of its charge, however, and need not prove each factual specification supporting the charge.  *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990); *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014).  For example, if an agency charged an employee with theft of Government property and the corresponding narrative described a single occasion on which he stole three items, the charge would not fail if the agency could only prove that he stole only two of those items.  *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 204 (1997).

¶11     Turning to the instant case, the Foundation charged the appellant with unacceptable performance.  RF, Tab 30 at 4-10.  For (1)(a), Quality Control of Grant Documents, the agency's allegations describe the appellant's quality control errors, both before and during the PIP.  *Id.* at 5-6.  Although the appellant would have us construe the allegations pertaining to the PIP period in a very technical manner, *supra* ¶ 9, we decline to do so.  In any event, the record shows

that 11 of 21 funding actions the appellant was responsible for reviewing during the PIP contained errors, despite her review. *E.g.*, RF, Tab 31 at 5-34. As the administrative judge recognized, many of these errors appeared to be ones that should have been discovered easily, for example omitting entire sections or attachments. *E.g.*, *id*. at 11; RID at 14. The fact that Foundation officials caught and corrected many errors that the appellant was responsible for, rather than catching them and returning them for someone else to correct, is not dispositive.

¶12 The appellant presents similarly unavailing arguments pertaining to each of the other critical element subparts. RPFR File, Tab 3 at 22-23. Regarding (1)(b), Grant Database Management, the appellant was responsible for reconciling critical data in the Grant Evaluation and Management System (GEMS). RF, Tab 30 at 6-7, 16. According to the proposed removal, the appellant had failed to do so, resulting in a significant discrepancy by January 2014, after which she repeatedly missed deadlines to resolve the problem. *Id*. at 6-7. The proposal further alleged that the February 2014 PIP directed the appellant to keep GEMS up to date by entering data within 3 days of actions taken, but a subsequent report showed a GEMS discrepancy of over $155,000 and four altogether missing entries. RF, Tab 30 at 7, Tab 31 at 54-55.

¶13 On review, the appellant does not dispute those discrepancies or missing entries, nor does she argue that she performed successfully before or during the PIP. RPFR File, Tab 3 at 22. Instead, she summarily argues that the proposed removal referred to the PIP's 3-day requirement and the Foundation's report does not establish that specific delay. *Id*. We disagree. The appellant's argument seems to overlook the fact that the report was run on April 19, 2014, for the period ending March 30, 2014, thereby including at least 19 days of unreconciled data. RF, Tab 31 at 54-55. Moreover, this argument similarly suggests that we should construe the agency's allegations in a technical manner and one that is inconsistent with the essence of the agency's charge, which we will not do.

Therefore, the administrative judge properly sustained this specification. RID at 15-20.

¶14    Regarding (2)(a), Budget Preparation, the appellant was responsible for preparing and recommending the budget and budget projections for the Foundation's Program Office. RF, Tab 30 at 7, 21. According to the proposed removal, the appellant's participation in this process had been passive, included many errors, and did not demonstrate that she understood key steps and requirements. *Id*. at 7. The proposal further recognized that, as a result, the PIP instructed the appellant to develop a robust plan for how she would plan, schedule, and execute the standards of her Budget and Financial Management critical element. *Id*. at 7-8, 54. In other words, the PIP did not instruct the appellant to develop the next budget, it instructed her to develop a robust plan for how she would do so. Nevertheless, the appellant reportedly failed to develop an appropriate plan, despite repeated clarifications of expectations, explanations of the inadequacies of her drafts, extensions of the associated deadlines, and definitive guidance from several senior officials. *Id*. at 7-8.

¶15    On review, the appellant suggests that the administrative judge erroneously found her performance unacceptable because she failed to produce a budget, and not because she failed to produce the robust plan required by the PIP. RPFR File, Tab 3 at 22-23. We disagree. Although the administrative judge did refer to the appellant's failure to complete a "budget plan" while discussing (2)(a), she did so in the context of finding that the appellant failed to meet the PIP's requirement for a robust plan. RID at 23-26. The appellant argues that the administrative judge did not evaluate the third and fourth drafts of the plan she submitted before the PIP ended. PFR File, Tab 3 at 23. However, that argument also fails because the administrative judge did in fact discuss drafts submitted on April 3, April 21, April 23, and May 16, 2014, as well as their inadequacies, as reflected by the drafts themselves and witness testimony. RID at 24-26.

¶16    Regarding (2)(b), De-obligations, and (2)(c) Liaison with the BPD, the appellant suggests that her supervisor essentially has penalized her for periods of leave, and the administrative judge failed to recognize as much. RPFR File, Tab 3 at 23. Once more, we are not persuaded. The proposal to remove the appellant alleged that, pursuant to (2)(b), the appellant was responsible for, but altogether failed to prepare, a de-obligation report at any time during the PIP. RF, Tab 30 at 8-10. It described the appellant's actions on the report between March and June 2014, culminating in her departure for vacation without having completed the de-obligation report or explaining to others how do so.[3] *Id.* at 9-10. The proposal also alleged that, pursuant to (2)(c), the appellant was responsible for, but failed to, develop a plan to keep her supervisor informed of contract statuses, which ultimately resulted in a failure to timely renew key contractor bidding. *Id.* at 10. The agency observed that, despite criticism of the appellant in her fiscal year 2013 performance evaluation that she failed to keep her supervisor informed of the need to renew or rebid contract, she repeated her failure by leaving for vacation without ensuring that support staff was aware of required timelines on four key contracts. *Id.* at 10, 23. Under the circumstances, we find no merit to the appellant's argument. The Foundation's allegations clearly explain that the appellant failed to perform as expected, not because she took leave, but because she failed to ensure that time-sensitive work was completed either before or during her vacation.

¶17    Based on the above, we agree with the administrative judge's conclusion that the Foundation met its burden of proving the charge.

---

[3] One of the appellant's subordinates prepared the plan while the appellant was on vacation. RF, Tab 30 at 10.

<u>The administrative judge properly deferred to the Foundation's selecting removal as a reasonable penalty.</u>

¶18      When an agency proves its sole charge of poor performance, its penalty decision is entitled to deference and is reviewed only to determine whether the agency responsibly balanced the relevant factors in the individual case. *Winlock v. Department of Homeland Security*, 110 M.S.P.R. 521, ¶ 20 (2009), *aff'd per curiam*, 370 F. App'x 119 (Fed. Cir. 2010); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors that may be relevant in selecting an appropriate penalty).[4]  In determining whether the selected penalty is reasonable, the Board defers to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency.  *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013).  The Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding upon a penalty, or if he clearly exceeded the

---

[4] The *Douglas* factors include, but are not limited to:  (1) the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including a supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the agency's reputation; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.  *Douglas*, 5 M.S.P.R. at 305-06.

limits of reasonableness. *Gmitro v. Department of the Army*, [95 M.S.P.R. 89](), ¶ 8 (2003), *aff'd per curiam,* 111 F. App'x 610 (Fed. Cir. 2004).

¶19        In this case, the Foundation did not include a *Douglas* factor analysis in its proposal to remove the appellant or the subsequent decision letter.   RF, Tab 19 at 39-47, Tab 30 at 4-12.   In fact, as recognized in the remand initial decision, the deciding official indicated that his written decision did not discuss each *Douglas* factor because he mistakenly believed that he had the authority to effectuate the removal under procedures other than those required for a chapter 75 adverse action.   RID at 37 (citing RF, Tab 34, Hearing Compact Disc (HCD1) (testimony of the deciding official)); *see Lisiecki v. Merit Systems Protection Board*, [769 F.2d 1558](), 1567-68 (Fed. Cir. 1985) (observing that the Board does not have authority to mitigate the penalty in a chapter 43 action).   Nevertheless, the deciding official insisted that he considered the relevant *Douglas* factors.   *Id*.

¶20        Before the administrative judge, the appellant argued that the Foundation committed a harmful error by failing to consider the *Douglas* factors pertaining to prior discipline and length of Government service.   RF, Tab 26 at 6.   The appellant alleged, based on the deciding official's statements during a deposition, that he failed to consider her more than 20 years of Government service and lack of prior discipline as mitigating factors.   *Id*. at 6, 99.   The administrative judge disagreed.   RID at 36-38.   She found that while the deciding official did not explicitly discuss each *Douglas* factor in his written decision, he testified in a credible manner that he considered all relevant factors.   RID at 38 (citing HCD1 (testimony of the deciding official)).   The appellant does not appear to argue otherwise on review and we find no basis for disturbing the administrative judge's conclusion.   *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (recognizing that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing).

¶21     In discussing the appellant's harmful error claim, the administrative judge relied, in part, on a nonprecedential Board decision, wherein the majority of the Board found no due process violation in the context of an appeal that was converted from chapter 43 to chapter 75, somewhat similar to the appeal currently before us.  RID at 38-39 (citing *Miller v. General Services Administration*, MSPB Docket No. SF-0752-12-0189-I-1, Final Order (Aug. 29, 2013)).  Based largely on the dissenting opinion in that nonprecedential *Miller* decision, the appellant now argues that the deciding official committed a due process violation.  RPFR File, Tab 3 at 24-30.  She alleges that the deciding official improperly considered aggravating *Douglas* factors without providing her notice and an opportunity to respond.  *Id.*

¶22     As an initial matter, we find no indication that the appellant presented any argument concerning a denial of due process below.  RF, Tabs 26-27; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(d) (reflecting that the Board generally does not grant a petition for review based on new legal argument).  Moreover, even if she had, we find the appellant's due process arguments unavailing.

¶23     Pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed.  The court explained that, if an employee has not been given "notice of any aggravating factors supporting an enhanced penalty," an ex parte communication with the

deciding official regarding such factors may constitute a constitutional due process violation. *Ward*, 634 F.3d at 1280.

¶24 In this case, the appellant attempts to cast virtually all of the deciding official's considerations as unnoticed aggravating factors. For example, the appellant points to the deciding official's testimony that he considered the nature and seriousness of the offense, the frequency with which it was repeated, and the impact on the agency. RPFR File, Tab 3 at 25. The appellant also points to his considering her job level in "a grade that should have prepared her to be self-directed in many respects." *Id*. (quoting HCD1 (testimony of the deciding official)). Further, the appellant points to the deciding official's testimony that the appellant "was unable to perform during the PIP period and that was a strong indication that she was unable to perform the job," as well as his recognition that the appellant "did not seem to take accountability for her performance deficiencies." *Id*. at 26-27.

¶25 Although we have reviewed each of the appellant's arguments considering improper considerations by the deciding official, none is persuasive. We find no indication that the deciding official considered any unnoticed aggravating factor in selecting the appropriate penalty. While the appellant suggests that she lacked prior notice regarding considerations such as the nature and seriousness of the offense, the proposed removal is filled with corresponding details concerning her performance deficiencies and their resulting harm. *See* RF, Tab 30 at 4-11. Similarly, while the appellant suggests that she lacked prior notice that the deciding official would consider the fact that she did not take responsibility for her actions, the proposed removal specifically discussed her alleged pattern of shifting blame to others. *Id*. at 9. Moreover, as recognized in the decision letter, the appellant responded to her proposed removal by denying all the allegations and claiming that her performance was satisfactory. RF, Tab 19 at 39, 48; *see also Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 9 (2015) (holding that a deciding official did not violate an employee's due process rights by considering

issues raised in an appellant's response). The proposal notice also discussed the appellant's past instances of poor performance and the background materials referred to in the proposal notice reference the expectation that she exhibit initiative. RF, Tab 30 at 4-5, 18, 25-26.

¶26    Accordingly, we find that the administrative judge properly sustained the appellant's removal.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Because the appellant has not challenged the administrative judge's other findings, including those pertaining to her discrimination and reprisal affirmative defenses, we will not revisit those matters.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.