**Milo D. BURROUGHS, Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

**No. 90–3234.**

United States Court of Appeals, Federal Circuit.

Oct. 31, 1990.

Milo D. Burroughs, Roy, Washington, submitted pro se.

---

**2.** We have considered the government's other    arguments and find them unpersuasive.

James M. Kinsella, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Terrence S. Hartman, Asst. Director. Also on the brief was Richard McCurdy, Atty., Office of The Staff Judge Advocate, Fort Lewis, Washington, of counsel.

Before NIES, Chief Judge,[*] MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

Milo D. Burroughs (Burroughs) petitions for review of the final decision of the Merit Systems Protection Board (MSPB or board), 43 M.S.P.R. 246 (1990), which sustained in part the charges against him by the Department of the Army (Army or agency). For the reasons set forth below, we reverse.

## I.

In 1981, Burroughs and a co-worker conceived the idea of constructing two Long–EZ aircraft[1] to be used by the Army. This idea was implemented by the Army and the resulting operation came to be known as the Mercury Green Project. Burroughs was directly involved in the activities of the Project from its inception until a series of reductions-in-force placed him in his most recent position as Aircraft Mechanic Foreman, Aircraft Section.[2]

On May 19, 1988, Douglas Garst (Garst), Burroughs' immediate supervisor, was anonymously notified that a machinist was working on a "home project" in the Aircraft Section machine shop. On investigation, Garst learned that Burroughs had instructed an Army machinist to fabricate a part which was allegedly to be used on a Mercury Green aircraft. Burroughs had not been given formal authorization to have the work done nor had he submitted a work order. In addition, Garst did not believe that the part being fabricated was in fact to be used for the Mercury Green Project.

On September 30, 1988, Burroughs was removed from his position based on the following charges:

(1) directing the unauthorized use of Government materials, manpower and equipment for other than official purposes;

(2) failure to follow proper procedures for man-hour and workload accounting in violation of policy and Army directives; and

(3) lying to [his] supervisor.

Burroughs appealed his removal to the MSPB, where the Administrative Judge (AJ) (in an opinion dated February 10, 1989) sustained in part the Army's first charge. In so doing, the AJ determined that Burroughs acted without proper authorization. The AJ further held, however, that Burroughs was indeed acting for an official purpose, viz., contributing to the Mercury Green Project. The Army's second and third charges were not sustained. The AJ mitigated Burroughs' removal to a fourteen-day suspension. The board affirmed the AJ's initial determination, but further mitigated Burroughs' penalty to a written reprimand to be placed in his record.

## II.

A. This court may set aside a decision of the MSPB if it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

---

[*] Chief Judge Nies assumed the position of Chief Judge on June 27, 1990.

[1.] The Long–EZ aircraft is a small, experimental aircraft designed for "VFR" cross-country flights.

[2.] Burroughs formerly held several official positions directly related to the Mercury Green Project. These included Co–Project Officer/Pilot, Test Pilot/Supervisor of Maintenance, Test Pilot and, finally, Maintenance Supervisor. After the reductions-in-force, Burroughs maintained his interest in the project and contributed to it until his termination.

(2) obtained without procedures required by law, rule or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Although our scope of review is limited, this court possesses the authority to reverse a decision of the MSPB that is not in accordance with law. In an adverse action by a federal agency against one of its employees, the agency bears the burden of proving its charges by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1988); *Hale v. Department of Transp.,* 772 F.2d 882, 885 (Fed.Cir. 1985).

■■■ B. The Army removed Burroughs from his position based on the three specific charges set forth above. The AJ determined that only a *portion* of one of those charges had been proved, and with respect to that charge stated:

I find a preponderance of the evidence shows the work in question was done at the direction of appellant for the Mercury Green Program. Thus, the work was done for an official purpose. I further find, however, that a preponderance of the evidence shows that the work was unauthorized.

. . . .

The agency's first charge is sustained in part and not sustained in part.

(Footnote omitted.)

The AJ erred in not requiring *each* of the elements of the first charge to be proved. *See Naekel v. Department of Transp.,* 782 F.2d 975 (Fed.Cir.1986); *see also Harvey v. Merit Sys. Protection Bd.,* 802 F.2d 537, 544 (D.C.Cir.1986); *accord Cresson v. Department of Air Force,* 33 M.S.P.R. 178, 182–83 (1987); *Bogdanowicz v. Department of Army,* 16 M.S.P.R. 653, 655 (1983);

*Bavier v. Department of Transp.,* 5 M.S. P.B. 73, 74, 4 M.S.P.R. 548 (1981). Burroughs was charged with "directing the unauthorized use of Government materials, manpower and equipment for other than official purposes," and the Army was required to demonstrate by a preponderance of the evidence that Burroughs' action was *both* "unauthorized" *and* "for other than official purposes." It is not permissible for the MSPB to split a single charge of an agency into several independent charges and then sustain one of the newly-formulated charges, which represents only a portion of the original charge. If the agency fails to prove one of the elements of its charge, then the entire charge must fall.[3] *Id.* To be contrasted is the situation where more than one event or factual specification is set out to support a single charge. In that case, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *See Fiorillo v. United States Dep't of Justice, Bureau of Prisons,* 795 F.2d 1544 (Fed.Cir.1986).

By failing to prove that Burroughs' action was for "other than official purposes," the Army failed to meet its burden of proof with respect to the first charge. Accordingly, the board erred as a matter of law in imposing a penalty on Burroughs based on a finding that only a portion of one charge was proved by a preponderance of the evidence. *See* 5 U.S.C. § 7703(c). The decision of the MSPB is

REVERSED.

---

**3.** Although Burroughs made this critical argument in his *pro se* brief, the Army failed to respond to this issue.