## Regina K. MURRY, Petitioner,

v.

## GENERAL SERVICES ADMINISTRATION, Respondent.

### No. 03–3297.

United States Court of Appeals, Federal Circuit.

DECIDED: May 5, 2004.

Rehearing and Rehearing En Banc Denied July 14, 2004.

**320**

Phyllis Jo Baunach, Principal Attorney, Donald E. Kinner, David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

Regina K. Murry, of Counsel, Fort Worth, TX, pro se.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Regina K. Murry seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the Board's initial decision dated January 16, 2002, with respect to the charges against her, but modifying the penalty by vacating the mitigated 90–day suspension imposed in the initial decision and reinstating the agency's original penalty of removal. *Murry v. Gen. Servs. Admin.*, 93 M.S.P.R. 554 (2003). For the reasons set forth below, we *affirm*.

## I

Ms. Murry was employed as a GS–5 Supply Technician by the National Forms & Publication Center of the General Services Administration ("agency"). On June 1, 2001, the agency proposed to remove her from her position for "insubordination–disrespect, insolence, and like behavior to [her] supervisor." The agency cited three specifications to support the charge. After hearing Ms. Murry's response to the proposed notice of removal, the agency's deciding official sustained the charge and removed her effective July 2, 2001.

Ms. Murry appealed her removal to the Board. The administrative judge assigned to her case examined the facts concerning the three specifications cited to support the one charge of insubordination, etc. The judge determined that the agency failed to prove two of the specifications. The third specification was in two parts, 3A and 3B. Although the two specifications deal with different incidents, they are subparts of a single specification, no doubt because both incidents took place on May 23, 2001. In specifications 3A and 3B, Ms. Murry was found to be disrespectful and insolent towards her supervisor.

Ms. Murry mounted a series of affirmative defenses to counter the charges against her. She argued that her removal

was caused by (1) racial discrimination against her, (2) disability discrimination due to her asserted disabilities of depression, post traumatic stress syndrome, migraine headaches, and panic/anxiety disorder with agoraphobia, (3) retaliation for previous participation in the EEO process, (4) unlawful procedure, because the deciding official allegedly considered information not relied upon by the proposing official, (5) harmful procedural error, because the supervisor allegedly had stored up criticisms of Ms. Murry, rather than promptly issue critical comment, as required by regulation, and (6) retaliation for having made protected whistleblower disclosures.

The administrative judge addressed each of Ms. Murry's affirmative defenses and held that she had failed to carry her burden of proof on all of them.

Even though the agency had sustained its single charge, the administrative judge mitigated the penalty from removal to a 90–day suspension without pay. Ms. Murry sought review from the full Board, challenging the findings of the administrative judge that she had committed the offense charged and had not sustained her affirmative defenses. The agency also sought review, arguing that the administrative judge erred in mitigating the penalty from removal to a 90–day suspension without pay.

## II

The full Board declined to review Ms. Murry's petition, stating that she had produced no new and previously unavailable evidence to undermine the conclusions of the administrative judge, which the Board allowed to stand as final by denying her petition for review.

The full Board however granted the agency's petition for review. The Board concluded that the agency's penalty of removal must be sustained. In reaching that conclusion, the Board relied on *Lachance v. Devall*, 178 F.3d 1246, 1259–60 (Fed.Cir. 1999), which prohibits the Board from imposing a penalty that ignores the penalty originally imposed by the agency. Under *Lachance*, the agency's preferred penalty is entitled to deference and the Board cannot mitigate a penalty that is within the parameters of reasonableness. The Board also relied on its own similar law, where it has held that an agency's penalty determination is entitled to deference when all charges are sustained but fewer than all of the specifications of the sustained charges are proven by the agency. *See Payne v. U.S. Postal Serv.*, 72 M.S.P.R. 646, 650–51 (1996).

In order to test the reasonableness of the removal penalty, the full Board credited to Ms. Murry her long service in government, her satisfactory performance record, the fact that she while disrespectful and insolent to her superior did not use obscene language or act in disobedience, and her lack of malice. But since acts of insubordination (including acts of disrespect and insolence) are considered serious matters by the agency, and since Ms. Murry had previously been counseled and punished for abusive, discourteous, disrespectful and disruptive behavior in the workplace, and had been put on notice that similar future behavior would not be tolerated, the Board concluded that the agency had not acted outside the zone of reasonableness in imposing the penalty of removal.

The Board thus reversed the decision of the administrative judge and affirmed the agency's penalty of removal. Ms. Murry timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## III

We must affirm the final decision of the Board unless we determine that it is arbi-

trary, capricious, an abuse of discretion or otherwise not in accordance with law; where the decision of the Board rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 5503(c) (2000).

In her petition for review in this court, Ms. Murry argues that it was legal error for the Board to sustain her removal where one of the elements of the charge is not proven. She cites *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed.Cir.1990), for support. *Burroughs* is inapposite to the facts of this case. In *Burroughs*, the error was in the agency's failure to sustain all of the *charges* made. In this case, the agency brought only a single charge, supported by three specifications of fact. In *Burroughs*, we expressly noted that:

> where more than one event or factual specification is set out to support a single charge ... proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *See Fiorillo v. United States Dep't of Justice, Bureau of Prisons*, 795 F.2d 1544 (Fed.Cir.1986).

918 F.2d at 172.

Ms. Murry also asserts that the Board's decision that the agency met its burden to show that she had engaged in acts of insubordination lacks substantial evidence. We have reviewed the record on this issue, and we conclude that the comments made by Ms. Murry to her supervisor meet the test of disrespect and insolence. There is substantial evidence in the record to support the Board's fact-finding that Ms. Murry engaged in acts of insubordination.

Ms. Murry further contends that the Board failed to balance properly the *Douglas* factors when it determined that the agency's chosen penalty is reasonable. Here, she refers to the aspects of the *Douglas* factors that favor her, and she includes therein her contention that her medical condition merits favorable consideration when the reasonableness of the penalty is considered. This factor, however, was weighed by the deciding official, who concluded that notwithstanding Ms. Murry's positive attributes, her continued disrespectful, discourteous and disruptive behavior in the workplace warranted her removal. The Board carefully reviewed the *Douglas* factors, and we see no legal error in its conclusion.

Ms. Murry does not raise her affirmative defenses per se, but we have in the interests of full review considered the record made before the Board on those issues. We conclude that the Board did not err in rejecting Ms. Murry's affirmative defenses.

Having considered all of the arguments Ms. Murry makes in challenge to the reason for her removal and to the penalty itself, we find no error by the Board, and consequently under our standard of review, we must affirm its final decision.