## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS HENDRICKS,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-20-0074-I-2 |
|     v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>          Agency. | DATE:  March 27, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Canton, Michigan, for the appellant.

Mary Monahan Steahly, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The agency removed the appellant from his GS-13 Supervisory Border Patrol Agent (BPA) position with Customs and Border Protection (CBP) based on a charge of conduct unbecoming a supervisory BPA, based on 7 specifications related to Facebook postings he made, which another agency employee described as "unprofessional, derogatory, racially derisive, graphic, and harassing." *Hendricks v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0074-I-1, Initial Appeal File (IAF), Tab 4 at 16-20, 47-50, 67. The appellant filed a Board appeal, and the administrative judge sustained three specifications of the charge, i.e., specifications 1, 6, and 7, found that the agency proved nexus, concluded that the appellant failed to prove his affirmative defenses,[2] and

---

[2] On review, the appellant argues that the agency committed procedural errors in investigating his misconduct, including that the investigation was incomplete and had a predetermined outcome, that it was initiated and rushed due to Congressional pressure, and that the agency failed to safeguard his procedural rights. Petition for Review File, Tab 3 at 8-9, 12-14, 17. We agree with the administrative judge that the appellant did not prove any procedural error was committed. *Hendricks v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0074-I-2, Appeal File, Tab 14, Initial Decision (ID) at 28; *see Scott v. Department of Justice*, 69 M.S.P.R. 211, 242 (1995), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table). Furthermore, even if the agency had committed such an error, the appellant has not shown that, in the absence or cure of the error, the agency likely would have reached a different result. ID at 28; *see Scott*, 69 M.S.P.R. at 242. We also agree with the administrative judge that the appellant has not shown

sustained the removal. *Hendricks v. Department of Homeland Security*, MSPB Docket No. SF-0752-20-0074-I-2, Appeal File, Tab 14, Initial Decision (ID) at 1-32.

The appellant has filed a petition for review, arguing, among other things, that his postings constituted protected speech under the First Amendment. Petition for Review File, Tab 3 at 12-18, 28-30. Although specifications 6 and 7 present a more complicated constitutional question, we need not reach a conclusion on those questions because we find, as the administrative judge did, that the conduct described in specification 1 does not constitute protected speech, ID at 24-27, and that specification 1 alone is sufficient to sustain the agency's overall charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) ("[W]here more than one event or factual specification is set out to support a single charge . . . proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge."). We also agree with the administrative judge's conclusion that the agency established nexus,[3] ID at 28-29, as the appellant made the odious positing in a Facebook group called "I'm 10-15,"[4] which had approximately 6,000 to 9,000 current and former BPAs, and included his subordinates. IAF, Tab 4 at 67, Tab 19 at 73. We furthermore find

how the timing of the agency's investigation or the fact that it may have been initiated due to Congressional pressure denied him an opportunity to present his side of the story or otherwise violated his constitutional right to due process. ID at 21-22.

[3] Regarding specification 1, the administrative judge found that the appellant's social media post directly affected his position as a Supervisory BPA because it was "reprehensible." ID at 28-29. While we agree that such misconduct was "reprehensible," we also note that the appellant's misconduct adversely affected his co-workers, as they had to view the "unprofessional, derogatory, racially derisive, graphic, and harassing" image, and interfered with the agency's mission, as it disrupted the agency's operations and resulted in significant negative attention, including from Congress, the media, and the public. IAF, Tab 4 at 18, 67, 90-94, Tab 5 at 4-44, Tab 15 at 64-65, Tab 19 at 73; Hearing Transcript (HT) at 13-14 (testimony of agency investigator), 91 (testimony of the deciding official), 147, 149 (testimony of the appellant).

[4] The term "10-15" is a Border Patrol code for subject in custody. HT at 6 (testimony of investigator), 48 (testimony of the deciding official).

that, even if only the first specification is sustained, removal is nevertheless well within the bounds of reasonableness in light of the relevant factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). Accordingly, the administrative judge properly sustained the appellant's removal, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:             _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.