**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SAJURNIA A. HARRIS,
        Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
        Agency.

DOCKET NUMBER
DC-0752-19-0252-I-1

DATE: July 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sajurnia A. Harris</u>, Brandywine, Maryland, pro se.

<u>Katherine A. Goetzl</u>, Esquire, and <u>Susie M. King</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. On petition for review, the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

argues that the administrative judge failed to consider all of the evidence, that agency witnesses' testimony was not credible, that the administrative judge committed several adjudicatory errors including improperly denying witnesses and limiting cross-examination, and that she has new and material evidence that would affect the outcome of her appeal. Petition for Review (PFR) File, Tab 1 at 2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review. Except as expressly MODIFIED to reverse the administrative judge's decision to sustain specification two of the charge of absence without leave (AWOL), we AFFIRM the initial decision.

The agency removed the appellant based on three specifications of AWOL, seven specifications of failure to follow instructions, and a single instance of lack of candor. Initial Appeal File (IAF), Tab 7 at 24-48. Specification two of the AWOL charge alleged that the appellant was absent from duty on October 5, 2018, and failed to timely submit medical documentation to justify the absence, thereby making it an unauthorized absence. *Id*. at 25-26.

---

[2] Despite the appellant's claim that she has "[n]ew written evidence found to warrant a different outcome," she has not described what this evidence is or included any documents in her petition for review for the Board to determine whether they constitute new and material evidence. PFR File, Tab 1 at 2.

Following a hearing, the administrative judge issued an initial decision sustaining all of the specifications and thus, all of the charges. IAF, Tab 53, Initial Decision (ID) at 5-19. Regarding specification two of the AWOL charge, the administrative judge considered the fact that the appellant submitted medical documentation for the October 5, 2018 absence, but ultimately sustained the specification based on the Office of Management and Policy (OMP) Director's hearing testimony that he denied the appellant's request for leave and did not otherwise authorize the absence because the appellant's medical documentation was untimely submitted. ID at 9; IAF, Tab 52, Hearing Compact Disc (HCD) (testimony of the OMP Director).

We disagree with the administrative judge's conclusion that the agency proved specification two of the AWOL charge. It is undisputed that the appellant submitted medical documentation to support her October 5, 2018 absence. IAF, Tab 45 at 211. The document submitted to the OMP Director by the appellant is from a registered nurse stating that the appellant was seen and treated by Johns Hopkins Hospital Adult Emergency Services on October 5, 2018. *Id*. Despite the untimeliness of the appellant's submission of the medical documentation, which the agency asserts was not submitted until October 23, 2018, IAF, Tab 7 at 25, the Board has held that if an employee provides administratively acceptable medical documentation prior to an agency's decision to remove her on AWOL charges, the agency must grant her sick leave, regardless of her failure to timely comply with the agency's sick leave procedures. *See Atchley v. Department of the Army*, 46 M.S.P.R. 297, 301 (1990).

We find the appellant's medical documentation for October 5, 2018, to be administratively acceptable because it was issued by a medical professional on official letterhead, specifically referenced the date of the appellant's absence, and stated that the appellant was treated by the emergency department. IAF, Tab 45 at 211. Accordingly, we find that the agency should have granted the appellant sick leave for October 5, 2018, and that the denial of leave for that day was

improper. *See Atchley*, 46 M.S.P.R. at 301. We modify the initial decision to reverse the administrative judge's decision to sustain this specification, but we nonetheless agree with his decision to sustain the AWOL charge because the agency proved specifications one and three by preponderant evidence. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (stating that when more than one event or factual specification supports a single charge, the agency need not prove all of the specifications; rather, proof of one or more of the supporting specifications is sufficient to sustain the charge).

Because we agree with the administrative that the agency proved all of its charges, this modification of the initial decision does not affect the penalty analysis. We agree with the administrative judge that the agency considered all of the relevant factors and that the penalty of removal is reasonable.[3] ID at 20-22. *See Mitchell v. Department of the Air Force*, 36 M.S.P.R. 395, 398-99 (1988) (concluding that removal is appropriate for AWOL and failure to follow the required procedures for requesting leave charges when the appellant received repeated warnings regarding his conduct and of the consequences of continued conduct and had prior discipline concerning similar charges).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[3] When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and only should be reviewed to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision.    5 U.S.C.
§ 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for
the Federal Circuit, you must submit your petition to the court at the
following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal
Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular
relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is
contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to
the U.S. Court of Appeals for the Federal Circuit, you may visit our website at
http://www.mspb.gov/probono for information regarding pro bono representation
for Merit Systems Protection Board appellants before the Federal Circuit.  The
Board neither endorses the services provided by any attorney nor warrants that
any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals
for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.
The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,
132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.