**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KURT H. REAVIS, | DOCKET NUMBER |
| Appellant, | PH-0752-17-0242-I-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Poulos, Jr., Hamilton, New Jersey, for the appellant.

Stacey Rita Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the period for which the agency proved the appellant was absent without leave (AWOL) and the analyses of his claim under the Family and Medical Leave Act of 1993 (FMLA) and his affirmative defenses, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Nursing Assistant with the Veterans Health Administration. Initial Appeal File (IAF), Tab 8 at 5. On November 27, 2016, he was arrested by local police while off duty for driving while under the influence (DUI). Refiled Appeal File (RAF), Tab 16 at 27, 33-34. Because the appellant was unable to pay bail, he was placed in custody pending his trial, scheduled for December 28, 2016. *Id.* at 28-29. The appellant contacted his then-supervisor, supervisor A, and requested leave to cover his absence through December 28, 2016. *Id.* at 28-29, 58-59. She approved his request. *Id.* at 58.

The appellant's court date was postponed, first to January 11, 2017, and then to February 17, 2017. *Id.* at 29, 33. Following a bail reduction hearing in March 2017, the appellant was released on March 28, 2017. *Id.* at 30, 33, 37-38. A trial was held in May 2017, at which point the appellant was found guilty of the DUI charge. RAF, Tab 16 at 33-34, 38.

In the meantime, when his trial was first delayed, on December 28, 2016, the appellant left a voicemail message with supervisor A that he anticipated remaining in a leave without pay status (LWOP). *Id.* at 29, 59. The agency did not respond to this message. *Id.* On December 31, 2016, after supervisor A retired, a new supervisor, supervisor B, became the appellant's new supervisor. *Id.* at 59. On January 18, 2017, the agency mailed the appellant a letter informing him that supervisor A had retired and was replaced by supervisor B, and that the appellant was considered AWOL beginning January 4, 2017. IAF, Tab 3 at 80-81. The letter mistakenly stated that the appellant had not contacted the agency on December 28, 2016. *Id.* at 80. The appellant received the letter on January 23, 2017. RAF, Tab 16 at 29. He thereafter attempted to call supervisor B, but was unable to reach her. RAF, Tab 16 at 29-30. The appellant's girlfriend also called supervisor B. *Id.* at 29. Although she spoke with supervisor B, the supervisor declined to discuss the appellant's employment with her, advising her that the appellant would have to contact supervisor B "directly." *Id.* at 29, 45-46, 60.

On February 24, 2017, the agency proposed to remove the appellant based on three charges: failure to follow leave procedures, unauthorized absence, and AWOL. IAF, Tab 8 at 6-17. The three charges are all based on the appellant's absence from January 9 to February 23, 2017, when he was incarcerated. *Id.* The appellant submitted a written response. IAF, Tab 3 at 38-39; RAF, Tab 16 at 30. The deciding official sustained all three charges and concluded that removal was appropriate. IAF, Tab 8 at 23-24. The agency removed the appellant effective April 14, 2017. *Id.* at 5.

The appellant filed the instant appeal. IAF, Tab 1 at 4. After he waived his right to a hearing, the administrative judge issued an initial decision based on the written record. RAF, Tab 9 at 4, Tab 19, Initial Decision (ID) at 2. The administrative judge did not sustain the charges of failure to follow leave procedures or unauthorized absence, but sustained the charge of AWOL and

upheld the appellant's removal. RAF, Tab 19, Initial Decision (ID) at 2-4, 8. The administrative judge was unconvinced by the appellant's allegations of harmful procedural error, including the appellant's claims of the agency inappropriately recommending he take leave under the FMLA and that the deciding official considered alleged misconduct not outlined in his proposed removal as an aggravating factor. ID at 4-6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

We affirm as modified the administrative judge's finding that the agency proved its AWOL charge.

To prove an AWOL charge, an agency must show, by preponderant evidence, that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied. *Rojas v. U.S. Postal Service*, 74 M.S.P.R. 544, 548 (1997). The administrative judge found that the appellant was absent during the January 9 to February 23, 2017 period for which the agency charged him with AWOL. ID at 3. We decline to disturb this finding, which the parties do not dispute on review. The administrative judge also found that the appellant's absence was not authorized. *Id.* On review, the appellant disagrees with this finding. PFR File, Tab 1 at 14-16. We agree with the appellant, in part, and conclude that the agency failed to prove that the appellant's absence from January 9 to 17, 2017, was unauthorized. Nonetheless, we conclude that the agency proved its AWOL charge based on the appellant's unauthorized absence from January 18 to February 23, 2017. We modify the initial decision accordingly.

*The administrative judge incorrectly sustained specifications relating to the appellant's absence from January 9 to 17, 2017.*

The appellant argues on review, as he did below, that he requested a "leave of absence" for the period beginning December 28, 2016, and "[n]owhere in the record was there evidence that the agency denied the Appellant's request[]." PFR File, Tab 1 at 14; IAF, Tab 1 at 4. We agree that the agency failed to meet its burden to prove this request was not granted.

A detailed proposal notice can constitute part of the agency's valid proof of its charges. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 12 (2015). However, the proposal notice on its own is not enough for the agency to meet its burden of proof; it must be accompanied by corroborating evidence. *Id.* The appellant was on approved leave during his incarceration until December 28, 2016. RAF, Tab 16 at 28-29, 58-59. Here, the statement in the proposal notice that the appellant was AWOL beginning January 4, 2017, is premised on the inaccurate assertion that the appellant did not contact the agency between December 9, 2016, and January 18, 2017. IAF, Tab 8 at 18. In fact, the parties agree that on December 28, 2016, the appellant contacted supervisor A and left a voicemail requesting a leave of absence until further notice. RAF, Tab 16 at 29, 59; IAF, Tab 3 at 70-71.

Further, the record lacks evidence establishing that the appellant's supervisors did not approve his December 28, 2016 request for a leave of absence. There is some evidence in the record suggesting that supervisor A may not have considered the appellant's voicemail as a proper or complete request for leave. IAF, Tab 3 at 70-71. Specifically, the appellant provided handwritten notes from supervisor A below, indicating that the appellant needed to submit either "the FMLA form – or ask for leave without pay" in connection with his December 28, 2016 voicemail message. IAF, Tab 3 at 70-71; RAF, Tab 16 at 21. As another example, the agency indicated in response to the appellant's discovery requests that, in his December 28, 2016 voicemail, the appellant "stated he would

send a request for leave of absence." RAF, Tab 16 at 59. However, these statements are not sworn or authenticated, and do not specifically address whether the appellant's December 28, 2016 request for leave was denied. IAF, Tab 3 at 1-2, 68; RAF, Tab 16 at 60; *see Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 17 (2011) (explaining that an unsworn statement identifying no firsthand knowledge of the relevant events and no factual basis to support the assertions therein is, on its face, unreliable hearsay entitled to little weight).

The record also does not indicate whether supervisor A advised supervisor B of the appellant's voicemail message from December 28, 2016. IAF, Tab 3 at 70-71, Tab 8 at 18; RAF, Tab 16 at 59, 64. Similarly, there is no evidence as to whether supervisor B approved or denied the appellant's December 28, 2016 request for a leave of absence. There is no correspondence, for example, from the agency to the appellant regarding this request. IAF, Tab 3 at 80; RAF, Tab 16 at 29. Therefore, we find that the agency failed to meet its burden of proving specifications related to the appellant's absence from January 9 to 17, 2017. We modify the initial decision accordingly.

> *The administrative judge correctly sustained the remaining AWOL specifications, relating to the appellant's absence from January 18 to February 23, 2017.*

The agency's remaining AWOL specifications cover the period January 18 to February 23, 2017.[2] IAF, Tab 8 at 14-17. We agree with the administrative judge that the agency proved these specifications. ID at 3-4. Based on the agency's proof of these specifications, we also agree with the administrative judge that the agency proved the charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge); *Cole v. Department of the Army*, 78 M.S.P.R. 288, 291-92 (1998)

---

[2] The agency has a duplicate specification for January 20, 2017. IAF, Tab 8 at 15-16. For purposes of our analysis, we count the absence only once.

(affirming an administrative judge's determination that an agency proved an AWOL charge based on a portion of the alleged absence).

To the extent the appellant argues that his entire absence was authorized due to his December 28, 2016 request for a leave of absence, we are not persuaded. PFR File, Tab 1 at 13-15. As indicated above, a detailed proposed removal accompanied by corroborating evidence can constitute proof of an agency's charge. *Thompson*, 122 M.S.P.R. 372, ¶ 12. The agency's notice of proposed removal accurately represents that the agency sent the appellant a letter on January 18, 2017, instructing him to provide information. IAF, Tab 8 at 18. The January 18, 2017 letter, which is contained in the record, corroborates that the agency advised the appellant that it considered him AWOL, and instructed him to report to work or contact the agency to request leave. IAF, Tab 3 at 80-81. The appellant admits that the letter was delivered to his address 5 days after it was sent. IAF, Tab 3 at 82-83; RAF, Tab 16 at 29; *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶¶ 5-9 (2014) (explaining that under 5 C.F.R. § 1201.22(b)(3), an appellant is deemed to have received an agency decision letter on the date it was received by his father at the address the appellant provided to the agency, even if the appellant received it later). Further, as discussed above, the appellant does not dispute that he was absent during the period at issue. We find that the proposal notice, corroborated by the agency's letter, is sufficient proof that as of January 18, 2017, the appellant's absence was unauthorized. *See Gill v. Department of the Navy*, 34 M.S.P.R. 308, 311-12 (1987) (determining that an agency proved an appellant was AWOL based on a detailed notice of proposed removal supported by a memoranda from the agency to the appellant reflecting that she was considered AWOL). Thus, the agency has proved that the appellant was absent beginning January 18, 2017, and that this absence was not authorized. *Rojas*, 74 M.S.P.R. at 548.

Proof of these two elements, however, is not always sufficient to prove the charge. If an employee has requested leave to cover his absences, an AWOL

charge will be sustained only if the agency establishes that his requests were properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; *Rojas*, 74 M.S.P.R. at 548. The administrative judge found that the appellant's attempts to contact his supervisor did not excuse his absence. ID at 3. The appellant argues that his absence should have been excused because he attempted to communicate with the agency by "alternate means." PFR File, Tab 1 at 15. We agree with the administrative judge.

Although the appellant does not specify the alternate means to which he is referring on review, he appears to be arguing that attempts his girlfriend made on his behalf to contact supervisor B after receiving the agency's January 18, 2017 letter should have been considered requests for leave. *Id.* at 10, 15. We are not persuaded. The appellant argued below that supervisor B improperly declined to speak with the appellant's girlfriend about his employment. RAF, Tab 16 at 13, 29, 45-46, 60. The appellant has not presented evidence of an agency policy or practice of considering requests for leave made by family members or friends. In fact, the agency consistently advised first the appellant's mother, and then his girlfriend, that the appellant needed to request leave himself. IAF, Tab 16 at 42, 45-46; RAF, Tab 3 at 69; *see Cole*, 78 M.S.P.R. at 292 (finding an administrative judge erred in finding, contrary to the evidence in the record, that an agency had a practice of granting informal leave requests made by third parties and that, therefore, the administrative judge also erred in mitigating the penalty for AWOL based on this practice).

Further, even if the appellant's girlfriend made valid requests for leave, the denial of those requests would be reasonable. *Johnson v. Defense Logistics Agency*, 54 M.S.P.R. 370, 372-73 (1992). An agency is not required to grant an employee LWOP to cover an absence due to his arrest and incarceration. *Id.* at 372. Accordingly, we find that the agency properly designated the

appellant as AWOL beginning January 18, 2018, and the following 5-week absence was sufficient to prove its charge. *See Burroughs*, 918 F.2d at 172; *Cole*, 78 M.S.P.R. at 291. Because we agree with the administrative judge's finding that the agency proved its charge, we find any error in sustaining all of the agency's specification was not prejudicial to the appellant's substantive rights. Therefore, it provides no basis for reversal of an initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (observing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

> *We affirm, as modified, the administrative judge's determination that a different result is not warranted under the FMLA.*

On review, the appellant re-raises his claim that the agency improperly urged him to seek FMLA protection for his absence. PFR File, Tab 1 at 16-17. The administrative judge analyzed this claim as one of alleged harmful procedural error. ID at 5. She found that it was improper for the appellant's supervisors to suggest he apply for FMLA protection for his absence because his absence was not related to any medical condition. *Id.* However, she concluded that any error was harmless because the appellant did not request leave under the FMLA. *Id.* Although not entirely clear, the appellant seems to argue on review that the agency improperly relied on his failure to request FMLA in support of its AWOL charge. PFR File, Tab 1 at 16-17; RAF, Tab 16 at 20-21. We modify the administrative judge's analysis, but find no basis to reverse the initial decision, as the outcome remains the same.[3] *See Panter*, 22 M.S.P.R. at 282.

When the facts, either specifically raised by the appellant or otherwise shown by the record evidence, implicate the FMLA relative to a leave-related

---

[3] We also modify the initial decision to the extent the administrative judge found that the agency acted wrongfully in suggesting the appellant request FMLA protection for his absence. ID at 5. An agency is obligated to "inform its employees of their entitlements and responsibilities" under the FMLA. 5 C.F.R. § 630.1203(g). Regardless of the appellant's incarceration, we discern nothing improper in the agency providing that notice here.

charge, the Board will consider and apply the FMLA without shifting the burden of proof to the appellant. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73 (1997). Thus, contrary to the administrative judge's analysis in the initial decision, the Board does not treat a claim that an agency improperly denied an appellant leave under the FMLA as an affirmative defense. *Id.* at 73-74. However, because the appellant asserts he was not eligible for protection under the FMLA, the administrative judge did not err in finding that the agency proved its charge. ID at 3-5; RAF, Tab 16 at 21.

To the extent the appellant asserts that the agency used "his failure to apply [for FMLA] as a justification for its AWOL charge," the record does not support his claim. PFR File, Tab 1 at 16; RAF, Tab 16 at 20-21. The appellant cites to notes, emails, and an internal memorandum from supervisors A and B, in addition to the agency's January 18, 2017 letter to him regarding his leave status. PFR File, Tab 1 at 16; RAF, Tab 16 at 21. While these documents reflect that the appellant's supervisors considered him AWOL and he did not invoke FMLA, they do not suggest that the agency's determination that the appellant was AWOL resulted from his failure to invoke FMLA. IAF, Tab 3 at 69-72, 78, 80-81; RAF, Tab 16 at 58-59, 66. Further, the proposing and deciding officials were individuals other than supervisor A and B. IAF, Tab 8 at 19, 26. The proposal notice and removal decision do not reflect that these officials relied on the appellant's failure to request FMLA as a factor relating to either the charge or the penalty. *Id.* at 6-29.

<u>We decline to disturb the administrative judge's finding that the agency failed to meet its burden of proof regarding the remaining charges.</u>

The administrative judge found that the agency failed to prove the charge of failure to follow leave procedures because of the appellant's attempts to follow the procedures. ID at 2-3. The administrative judge additionally found that the

agency failed to prove the charge of unauthorized absence because it was repetitive and based on same set of facts as the AWOL charge.[4]  ID at 3.

<u>We agree with the administrative judge that the appellant did not prove his harmful error claims, but modify her reasoning.</u>

The administrative judge found that the appellant did not prove his claims of harmful error.  ID at 4-6.  Most of these determinations are not challenged on review, and we decline to disturb them.  *See* 5 C.F.R. § 1201.115 (providing that the Board normally will consider only issues raised in a timely filed petition or cross petition for review).  Instead, we turn directly to the disputed findings.  *Id.*

> *We modify the initial decision to find that the agency did not violate the appellant's due process rights*

The appellant alleged below that the agency violated its own policies by failing to "afford[] [him the] opportunity" to make an oral reply to his proposed removal.  RAF, Tab 16 at 23-24.  The administrative judge found that the appellant's request for an oral reply was untimely and he failed to show that the agency would have taken no discipline, or lesser discipline, as the result of an oral reply.  ID at 6.  The appellant reasserts his harmful error claim and argues that the agency violated his due process rights.  PFR File, Tab 19-22.  The appellant does not appear to have raised this due process claim below and the administrative judge did not address it.  IAF, Tab 16 at 23-24.  Nonetheless, we

---

[4] Although not explicitly stated, the administrative judge appears to have implicitly found that the charge of unauthorized absence and AWOL merged.  ID at 3.  We see no reason to disturb this finding.  *See Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 6 (2015) (finding that an administrative judge appropriately merged charges based on the same set of underlying facts); *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 4 n.3 (2014 (finding that an administrative judge properly merged specific absences that were listed under both an AWOL charge and a charge of failure to follow leave restriction letter procedures).  Ordinarily, when one charge as to which an agency met its burden of proof merges into another charge, the Board considers both charges proven.  *See Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶¶ 5-6, 12 (2005) (concluding that when two charges merged the agency proved both charges).  However, because the distinction does not affect the outcome here, we see no need to revisit the administrative judge's finding that the agency did not prove its unauthorized absence charge.  ID at 3; *see Panter*, 22 M.S.P.R. at 282.

have exercised our discretion to consider it on review. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 28 (2016) (exercising discretion to consider a due process issue on review although it was unclear if it was raised below), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018). We modify the initial decision to find that the agency did not deny the appellant due process.

The agency advised the appellant in its proposed removal that he could reply orally, in writing, or both. IAF, Tab 8 at 18. It provided the appellant with 14 calendar days from receipt to do so. *Id.* The appellant indicated below that he received the proposed removal "[o]n or about the first week of March 2017." RAF, Tab 16 at 30. He submitted a written reply on March 6, 2017, and the deciding official considered it. IAF, Tab 3 at 38-39, Tab 8 at 23; RAF, Tab 16 at 30.[5]

However, we are unable to find any evidence supporting the appellant's claim that he made a request to present an oral reply. The failure to hear a requested oral reply is a violation of minimum due process that requires reversal of an agency's action. *Alford v. Department of Defense*, 118 M.S.P.R. 556, ¶¶ 6-7 (2012). However, if the appellant wanted to make an oral response to the proposed removal, it was incumbent on him to make an unequivocal request of the deciding official to afford him one. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 18 (2013). In *White*, the Board found that an email requesting official time for an appellant to prepare his written and oral replies was not an unequivocal request to present an oral reply. *Id.* In so finding, the

---

[5] Assuming all facts in the appellant's favor, we presume he received the notice no later than March 6, 2017, the day he submitted his written reply. Although the appellant argues on review that the administrative judge found his written reply was untimely, we disagree. PFR File, Tab 1 at 20. Rather, in context, the administrative judge's statement that the appellant "made a written reply, and it was beyond the time period for him to reply to the proposal" referred to the appellant's failure to request an oral reply by March 20, 2017, the 14th calendar day after he received the proposed removal. ID at 6. Thus, we discern no error.

Board reasoned that the focus of the appellant's request was on official time and he did not make the request to the deciding official. *Id.*

The evidence of a request to make an oral reply is similarly lacking here. In his written reply, the appellant indicated that he expected his "situation," presumably referring to his incarceration, to be "cleared up by 3/28/17 . . . and [he] look[ed] forward to talking" to the agency at that point. IAF, Tab 3 at 39. He addressed his written reply both to supervisor B and the individual designated as the contact point for his written and oral replies. IAF, Tab 3 at 38, Tab 8 at 18. However, the statement that he was looking forward to talking to the agency does not convey that he was requesting something. IAF, Tab 3 at 38. Rather it suggests the appellant was politely closing his written response, particularly because it appears at the end of the letter. *Id.*

The appellant also did not provide any evidence that he otherwise sought to make an oral reply. In particular, although his representative asserted in his close of record submission below that the appellant made such a request to supervisor B, the accompanying sworn statement from the appellant does not support this contention. RAF, Tab 16 at 23, 30-31; *see Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (explaining that the statements of a party's representative in a pleading do not constitute evidence). It reflects that the appellant told supervisor B that he "would be sending her a letter that indicates that [he] intended to reply in more detail" to the proposal notice and later stated to her that he "had not yet had the opportunity to address the proposed removal." RAF, Tab 16 at 30-31. Supervisor B was not the proposing or deciding official, and also was not the individual designated as the contact to schedule the oral response. IAF, Tab 8 at 18-19, 26. Thus, his statements to her were not unequivocal requests to make an oral response. Because we find that the appellant did not invoke his right to make an oral response, we discern no due process violation.

The appellant also argued below that the deciding official committed harmful error by considering uncharged conduct of an alleged lack of candor in removing him. RAF, Tab 18. The administrative judge denied this harmful error claim, as further discussed below. ID at 6. On review, the appellant argues that the agency violated his right to due process. PFR File, Tab 1 at 23-24. Although the appellant did not raise this argument below, we modify the initial decision to consider it. *See Holton*, 123 M.S.P.R. 688, ¶ 28. Nonetheless, we do not find a basis to reverse the initial decision or the removal.

Procedural due process guarantees are not met if an employee had notice of only certain charges or portions of the evidence that the deciding official considered; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). When a procedural due process violation has occurred because of such ex parte communications, the violation is not subject to the harmful error test, and the appellant is entitled to a new constitutionally correct administrative procedure. *Id.* at 1377.

Here, the agency's reference to the uncharged lack of candor offense was included in its closing statement, submitted by its representative. RAF, Tab 17 at 6. Neither the proposed removal nor the removal decision referenced such a charge. IAF, Tab 8 at 6-29. Further, although the agency's representative suggested the appellant's lack of candor warranted his removal, the representative did not state that the deciding official actually considered this alleged lack of candor. RAF, Tab 17 at 6. There is no other information in the record suggesting that the proposing or deciding official contemplated any alleged lack of candor in connection with the removal. Because the only information regarding the alleged consideration of lack of candor is a statement of the agency's representative in a pleading, we find that evidence to support an alleged due process violation is

lacking. *See Hendricks*, 69 M.S.P.R. at 168. Accordingly, we determine that the appellant has not proven the agency considered ex parte information in violation of his due process rights.

> *We affirm, as modified, the administrative judge's determination that the appellant failed to prove harmful error*

An employee is entitled not only to minimum due process but also to the protections afforded by statute, regulation, and agency procedures. *Stone*, 179 F.3d at 1377-78. The Board must reverse an agency's action if an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015). Harmful error, however, cannot be presumed; an agency's error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*

The appellant asserted below, and reargues on review, that the agency violated its own policy of allowing oral replies. PFR File, Tab 1 at 21-22; RAF, Tab 16 at 23-25. However, he does not dispute the administrative judge's determination that he failed to show that an oral reply would have caused the agency to issue lesser or no discipline. PFR File, Tab 1 at 21-22. In addition, as discussed above, we have found that the appellant failed to invoke his right to make an oral reply. Therefore, we discern no basis to disturb the administrative judge's denial of this claim.

The appellant also argued below that the agency's alleged consideration of his lack of candor violated an agency directive. RAF, Tab 18. The appellant re-raises this claim on review. PFR File, Tab 1 at 23-25. The administrative judge found that the agency violated its directive, but any error was harmless. ID at 6. We modify this finding. Because we have found no evidence that the agency considered the appellant's alleged lack of candor, the administrative judge's finding that it did was in error. *See* 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(1)

(reflecting that an appellant bears the burden of proving harmful error by preponderant evidence).

Finally, the appellant re-raises on review his argument that supervisor B tainted the removal decision. PFR File, Tab 1 at 18-19; RAF, Tab 16 at 21-23. According to the appellant, she did so by concealing from the deciding official that the appellant was incarcerated and that he attempted to contact supervisor B after January 18, 2017. PFR File, Tab 1 at 18-19; RAF, Tab 16 at 21-23. The administrative judge considered these arguments, but was not persuaded that any error would have caused the deciding official to reach a different conclusion. ID at 5-6. We discern no basis to disturb this finding.[6]

Contrary to the appellant's claims on review, the proposal notice made no assertions about the appellant's attempts to contact the agency after January 18, 2017. PFR File, Tab 1 at 17; RAF, Tab 16 at 22-23; IAF, Tab 8 at 18. The record reflects that the deciding official considered the appellant's response to the proposed removal. IAF, Tab 8 at 23. In that response, the appellant referred to his incarceration and listed attempts to reach the agency both before and after January 18, 2017. IAF, Tab 3 at 38-39. The appellant has failed to point to any evidence supporting his argument that the deciding official was unaware of his incarceration and attempts to contact the agency when he decided to remove the appellant. Therefore, the appellant has not proven he was harmed by the alleged conduct of supervisor B.

---

[6] We find it unnecessary to reach the appellant's arguments that the administrative judge failed to make credibility determinations and consider evidence and argument regarding whether supervisor B did, in fact, conceal information from the deciding official or others. PFR File, Tab 1 at 17-19. Because the appellant failed to prove any such conduct was harmful, the issue of whether the agency committed error is not material to the outcome of the appeal. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (requiring an initial decision to identify and resolve all material issues of fact and law).

The administrative judge properly sustained the penalty of removal.

Because the agency did not prove two of its charges, the administrative reweighed the relevant penalty factors, and determined that the penalty of removal was within the tolerable limits of reasonableness for the sustained charge of AWOL. ID at 6-8; *see Leach v. Department of Veterans Affairs*, 107 M.S.P.R. 229, ¶¶ 13, 15 (2007) (explaining that when an agency does not prove all its charges, the Board may mitigate the penalty to the maximum reasonable penalty so long as the agency did not indicate in either its final decision or before the Board that it desired a lesser penalty to be imposed for fewer charges). The appellant disagrees with this conclusion. PFR File, Tab 1 at 24-25. He generally asserts that the administrative judge failed to consider his "detailed argument and evidence" regarding the factors relevant to penalty determinations under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 1 at 24-25.

We discern no basis to grant review. Attempts to incorporate by reference briefs that were filed below are insufficient to meet the Board's standards for granting a petition for review. *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 5 n.2 (2013). A petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Id.*

Even if we were to consider the factors the appellant raised below, we agree with the administrative judge that removal was a reasonable penalty for AWOL. ID at 8; RAF, Tab 16 at 13-20. We have sustained the charge as it concerns 5 weeks of AWOL. The Board has found an AWOL charge sufficient to support a removal in cases involving similar factors. *See Cole*, 78 M.S.P.R. at 291-94 (finding removal an appropriate penalty for 16 days of AWOL related to an appellant's incarceration for a charge of which he was later convicted, despite the appellant's good performance record and length of service); *see also Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶¶ 2, 5, 7 (2010) (finding removal

warranted based on a 1-month period of AWOL despite the mitigating factor of the appellant's medical conditions). Thus, we agree with the administrative judge that the penalty of removal was within the bounds of reasonableness.

Accordingly, we affirm the initial decision as modified above.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.